

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>EMMIT MARSHALL,<br>　aka "Amit Marshall," and<br>ROBERT WAGGONER,<br><br>　　　　Defendants. | CR No. 17CR00194<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH NINE

[18 U.S.C. § 1343]

A.　INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

Education Benefits Under the Department of Veterans Affairs Post-9/11 GI Bill

1.　Under Title 38, United States Code, Chapter 33 (the "Post-9/11 GI Bill"), the United States Department of Veterans Affairs ("VA") provided educational assistance to individuals who entered into military service or actively served in the military after

September 11, 2001, and who otherwise qualified for assistance based upon their length of service, the nature of their discharge, and other service-related factors.

2. Effective October 1, 2011, the VA paid Post-9/11 GI Bill benefits to individuals pursuing non-institute of higher learning ("Non-IHL"), non-degree programs, including non-accredited, non-college degree ("NCD") schools or programs.

3. Pursuant to the Post-9/11 GI Bill, for approved NCD programs, the VA paid tuition and fees directly to the NCD school at which the veteran was enrolled; paid a housing allowance benefit to the veteran enrolled full-time in the approved NCD program; and for eligible veterans, also paid a books and supplies benefit directly to the veteran.

4. Federal law required each state to create or designate a State approving agency ("SAA") to review and approve academic institutions and programs of education that were eligible for VA benefits, including NCD programs that were eligible for Post-9/11 GI Bill benefits. In California, the SAA was the California State Approving Agency for Veterans Education ("CSAAVE").

5. A school that received Post-9/11 GI Bill benefits was required to designate a School Certifying Official ("Certifying Official"), who informed the VA regarding the enrollment status of student veterans. The Certifying Official was also responsible for maintaining current knowledge of VA rules and benefits, maintaining records of veteran students, and making such records available for inspection by the VA or SAA.

6. The Certifying Official was required to complete a VA Form 22-1999, VA Enrollment Certification ("Enrollment Certification")

for each veteran student who received a VA education benefit. Using the Enrollment Certification, the Certifying Official would certify the course in which the veteran was enrolled, the enrollment period, the number of hours per week the veteran would attend the class, and the cost of tuition.

<u>Alliance School of Trucking ("AST")</u>

7. The Alliance School of Trucking ("AST") was a California corporation located in Los Angeles County, within the Central District of California. AST purported to provide NCD truck driving courses.

8. Defendants EMMIT MARSHALL, also known as "Amit Marshall" ("MARSHALL") and ROBERT WAGGONER ("WAGGONER") and co-schemer A.S. were residents of Los Angeles County, within the Central District of California. Defendant MARSHALL was the owner, president, and director of AST. Defendant WAGGONER was a director of AST. Defendants MARSHALL and WAGGONER hired co-schemer A.S. to work at AST in September 2013.

9. Beginning in or around October 2011, AST was approved by CSAAVE to provide certain NCD trucking programs to veterans eligible for Post-9/11 GI Bill education benefits. Defendants MARSHALL and WAGGONER served as Certifying Officials for AST. Defendants MARSHALL and WAGGONER and co-schemer A.S. recruited and caused others to recruit veterans eligible for Post-9/11 GI Bill benefits to enroll in the CSAAVE-approved NCD courses at AST.

10. On or about the following dates, defendant MARSHALL opened and caused to be opened at City National Bank, in Los Angeles County, California, the following accounts identified by the last

four digits of the account number for AST (collectively, the "AST Accounts"):

| Date | Account |
|---|---|
| November 16, 2007 | *****1091 |
| March 11, 2013 | *****4741 |

B. THE FRAUDULENT SCHEME

11. Beginning in or around July 2011, and continuing through on or about April 22, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants MARSHALL and WAGGONER, together with co-schemer A.S. and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the VA as to material matters, and to obtain money from the VA by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

12. The fraudulent scheme was carried out, in substance, as follows:

   a. In or around September 2011, defendant MARSHALL obtained and caused to be obtained approval from CSAAVE for AST to provide NCD trucking programs to veterans eligible for benefits under the Post-9/11 GI Bill, namely, Advanced I Class A Tractor Trailer & Safety (160 hours) and Advanced II Class A Tractor Trailer & Safety (240 hours).

   b. In or around 2011, defendant MARSHALL submitted and caused to be submitted to the VA paperwork that designated defendant MARSHALL as a Certifying Official for AST.

   c. On or about July 10, 2012, defendants MARSHALL and

4

WAGGONER submitted and caused to be submitted to the VA a Designation of Certifying Officials, Form 22-8794, which added defendant WAGGONER as a Certifying Official for AST.

      d.   In or around October 2012, defendant MARSHALL obtained and caused to be obtained from CSAAVE approval for AST to provide two additional NCD trucking programs to veterans eligible for benefits under the Post-9/11 GI Bill, namely, Commercial II Class B Tractor Program (144 hours) and Select Driver Development Program (600 hours).

      e.   In or around September 2013, defendants MARSHALL and WAGGONER hired co-schemer A.S. to work at AST.

      f.   Defendants MARSHALL and WAGGONER and co-schemer A.S. recruited and caused others to recruit eligible veterans to enroll in the CSAAVE-approved NCD trucking programs at AST by telling the veterans that they could collect housing and other fees from the VA without attending the programs.

      g.   Defendants MARSHALL and WAGGONER and co-schemer A.S. provided and caused to be provided enrollment paperwork to veterans. The veterans filled out the enrollment paperwork and provided information to defendants MARSHALL and WAGGONER and co-schemer A.S. so that they could fill out the enrollment paperwork on behalf of the veterans.

      h.   Defendants MARSHALL and WAGGONER and co-schemer A.S. then submitted or caused others to submit the veterans' enrollment paperwork to the VA.

      i.   Knowing that the veterans enrolling in the CSAAVE-approved NCD programs at AST for which the VA was paying education benefits did not, in the vast majority of instances, intend to attend

any portion of those programs, defendants MARSHALL and WAGGONER and co-schemer A.S. submitted and caused to be submitted to the VA Enrollment Certifications that: (i) were materially false and misleading in that they represented the AST program the veteran would attend, the dates of the enrollment period, and the hours per week that the veteran would attend class; and (ii) concealed material facts, namely, that the veterans had agreed to enroll in order to obtain housing and fee benefits from the VA, and did not intend to attend the AST programs set out in the Enrollment Certifications.

j. Further, knowing that the enrolled veterans had not attended the CSAAVE-approved NCD programs as stated in the Enrollment Certifications, defendants MARSHALL and WAGGONER and co-schemer A.S.: (i) created and caused to be created fraudulent student files that contained materially false and misleading documents, including false attendance records, grades, and certificates of completion; and (ii) instructed and caused others to instruct the veterans enrolled at AST to tell auditors from the VA and federal investigators that they had attended the CSAAVE-approved NCD programs, when, in truth and in fact, they had not.

k. Defendants MARSHALL and WAGGONER and co-schemer A.S. caused monies received from the VA in payment of the tuition for the CSAAVE-approved NCD programs to be deposited into the AST Accounts.

13. Between on or about December 8, 2011 and on or about April 22, 2015, as a result of the fraudulent scheme, the VA paid AST approximately $2,351,658.19 in tuition and fee payments for veterans who purportedly attended CSAAVE-approved NCD programs at AST. During that same time period, as a result of the fraudulent scheme, the VA also paid approximately $1,957,715.89 in education benefits

directly to veterans who purportedly attended CSAAVE-approved NCD programs at AST.

C. THE USE OF THE WIRES

14. On or about the dates set forth below, within the Central District of California, and elsewhere, defendants MARSHALL and WAGGONER and co-schemer A.S., together with others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the fraudulent scheme described above, caused to be transmitted by means of wire communication in interstate commerce, that is, from the VA, in Hines, Illinois to the AST Accounts in Los Angeles, California, the following items:

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| ONE | 11/8/2013 | Tuition Payment in the amount of $12,570 for veteran D.B. |
| TWO | 12/5/2013 | Tuition Payment in the amount of $11,303 for veteran J.T. |
| THREE | 12/17/2013 | Tuition Payment in the amount of $11,570 for veteran C.Y. |
| FOUR | 12/20/2013 | Tuition Payment in the amount of $12,570 for veteran M.D. |

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| FIVE | 1/16/2014 | Tuition Payment in the amount of $12,570 for veteran J.M. |
| SIX | 1/28/2014 | Tuition Payment in the amount of $5,570 for veteran J.C. |
| SEVEN | 5/16/2014 | Tuition Payment in the amount of $12,570 for veteran S.A. |
| EIGHT | 6/6/2014 | Tuition Payment in the amount of $5,570 for veteran M.Y. |
| NINE | 12/11/2014 | Tuition Payment in the amount of $12,570 for veteran B.H. |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2(a), Fed. R. Crim. P., each of the defendants convicted of any of the offenses set forth in Counts One through Nine of this Indictment shall forfeit to the United States the following property:

    a. All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense for which the defendant is convicted; and

    b. A sum of money equal to the total value of the property described in subparagraph a.

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), each convicted defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond
///

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

SANDRA R. BROWN
Acting United States Attorney

[signature]

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

GEORGE S. CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

STEPHEN A. CAZARES
Assistant United States Attorney
Deputy Chief, Major Frauds Section

SARAH J. HEIDEL
Assistant United States Attorney
Major Frauds Section